UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

DR. ANTHONY CERAMI,

                Plaintiff,

-against-

NOVARTIS AG and NOVARTIS VACCINES AND DIAGNOSTICS, INC.,

                Defendants.

------------------------------------------------------------- x

1:07-CV-05634-AKH-DFE

**CIVIL CASE MANAGEMENT PLAN**

ECF CASE

    After consultation with counsel for plaintiff Dr. Anthony Cerami and defendant Novartis Vaccines and Diagnostics, Inc., the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

    A.    The case is to be tried to a jury.

    B.    Non-Expert Discovery:

            1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by June 30, 2008, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

                  a.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

            2.    Joinder of additional parties must be accomplished by December 17, 2007.

            3.    Amended pleadings may be filed without leave of the Court until December 17, 2007.

    C.    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

    D.    Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

ny-776368

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be July 30, 2008.

   a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

   b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2. Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is August 4, 2008, at 10:00 a.m.

3. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on _Aug 15, 2008_, at _9:30 a.m._ .m.

E. Any request for relief from any date provided in this Case Management plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

2

ny-776368

G.  Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

SO ORDERED.

DATED:   New York, New York
         Oct. 19, 2007

_____
ALVIN K. HELLERSTEIN
United States District Judge

ny-776368

## NOVARTIS VACCINES & DIAGNOSTICS, INC.'S
## PROPOSED ATTACHMENTS A AND B TO CIVIL CASE MANAGEMENT PLAN

### ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| | DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|---|
| 1. | Rule 26(a)(1) Initial Disclosures | October 11, 2007 |
| 2. | Serve initial document requests, requests for admissions, and initial set of interrogatories pursuant to Local Rule 33.3. (Requests for admissions, including any additional sets thereof, may be served at any time after this date within the time frame set forth herein for discovery, as may additional sets of document requests and interrogatories, if any.) | October 26, 2007 |
| 3. | Parties submit Stipulated [Proposed] Protective Order or motion for [Proposed] Protective Order to the Court. | November 16, 2007 |
| 4. | Parties serve written responses and objections to any initial document requests, interrogatories, and requests for admissions, and begin production of documents. | December 3, 2007 |
| 5. | Parties complete production of all documents in response to initial document requests and/or initial set of interrogatories. | January 7, 2008 |
| 6. | Parties may serve subpoenas duces tecum on non-parties. | January 21, 2008 |

ny-780105

| 7. | Parties exchange privilege logs. | February 7, 2008 |
|----|----------------------------------|------------------|
| 8. | Parties may serve deposition notices. | March 1, 2008 |
| 9. | Completion of all non-expert discovery | June 30, 2008 |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

### 1. PLAINTIFF'S CLAIMS:

Plaintiff shall file an identification and quantification of each component of damages alleged by January 14, 2008.

### 2. COUNTERCLAIMS AND CROSS-CLAIMS:

Defendant Novartis Vaccines & Diagnostics, Inc. has not asserted a counterclaim or cross-claim.

### 3. THIRD-PARTY CLAIMS:

There are no third-party claims at issue in this litigation.

PLAINTIFF'S PROPOSED
ATTACHMENTS A AND B TO DISCOVERY PLAN
*Cerami v. Novartis AG, et al, 07 Civ. 5645 (AKH)*

TAB 3

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| | DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|---|
| 1. | Rule 26(a)(1) Initial Disclosures | October 11, 2007 |
| 2. | Production of documents identified in Rule 26(a)(1) Initial Disclosures | November 1, 2007 |
| 3. | Serve deposition notices; initial document requests, subpoenas, requests for admissions, and initial set of interrogatories pursuant to Local Rule 33.3. (Requests for admissions, including any additional sets thereof, deposition notices, document requests, subpoenas and additional discovery demands may be served at any time after this date within the time frame set forth herein for all discovery.) | November 1, 2007 |
| 4. | Parties submit Stipulated [Proposed] Protective Order or motion for [Proposed] Protective Order to the Court. | November 1, 2007 |
| 5. | Parties serve written responses and objections to any initial document requests, initial set of interrogatories, and requests for admissions (if such requests for admissions are served on November 1, 2007), and begin production of documents. | December 3, 2007 or such other date in accordance with the F. R. Civ. P. as set forth in the discovery demand, requests for admissions or by court order |

1

## PLAINTIFF'S PROPOSED
## ATTACHMENTS A AND B TO DISCOVERY PLAN
### *Cerami v. Novartis AG, et al, 07 Civ. 5645 (AKH)*

| | | |
|---|---|---|
| 6. | Parties complete production of all documents in response to initial document requests and/or initial set of interrogatories; parties exchange privilege logs. | December 24, 2007 |
| 7. | Completion of all non-expert discovery | June 30, 2008 |
| 8. | Exchange of expert reports | July 22, 2008 |

PLAINTIFF'S PROPOSED
ATTACHMENTS A AND B TO DISCOVERY PLAN
*Cerami v. Novartis AG, et al, 07 Civ. 5645 (AKH)*

**ATTACHMENT B**

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. **PLAINTIFF'S CLAIMS:**

This case is based upon a written August 1985 Agreement in which the defendant agreed to pay Dr. Anthony Cerami not less than one-half percent (.5%) of net sales on any products on which defendant pays a royalty to Rockefeller University under a separate Agreement. Defendant has paid or will pay a royalty to Rockefeller University on two pharmaceutical products made by non-parties with annual sales of several billion dollars. Defendant's own assertions and other proceedings in its successful patent litigation against these non-parties confirm that these products are derived from Dr. Cerami's work.

The first claim for relief in the complaint is for breach of the August 1985 Agreement. On this claim, Dr. Cerami seeks damages in an amount of not less than .5% of net sales of the two above-mentioned multi billion-dollar products. The precise amount is not yet known.

The second claim for relief in the complaint, plead in the alternative, is for unjust enrichment based upon the defendant's receipt of the benefits of Dr. Cerami's services for which he has not been paid as promised. On this claim, Dr. Cerami seeks damages in an amount not less than the monies received and to be received by defendants from the manufacturers of the two above-mentioned multi billion-dollar products. Plaintiff does not know exact amounts and confidentiality agreements limit public disclosure of these amounts that are, by any measure, substantial. All data are known to defendant.

The damage claims are based on the following facts which represent only a brief and incomplete summary of the relevant events. Dr. Anthony Cerami, Ph.D. is one of the world's foremost biochemists. While in charge of a laboratory at Rockefeller University, he and his colleagues made important discoveries that ultimately led to the issuance of various patents, including two key United States patents.

In June of 1985, the pending patent applications based on Dr. Cerami's work were licensed by Rockefeller University to Chiron Corporation, now known as Novartis Vaccines & Diagnostics, inc. ("Novartis") pursuant to a license agreement (the "1985 Chiron License Agreement")(Exhibit A to the Complaint). In a separate agreement made that August, Novartis retained Dr. Cerami as a consultant and agreed to pay him a royalty of not less than .5% of sales of products on which it paid a royalty to Rockefeller University. The Novartis commitment to Dr. Cerami is memorialized in a writing from Novartis' President dated August 16, 1985 (the "August 1985 Agreement") (Exhibit B to the Complaint). Dr. Cerami performed services for Novartis for many years and his activities resulted in the defendant's receipt of enormous benefits. Additional millions of dollars are expected to be received by Novartis because of the 1985 Chiron License Agreement and the August 1985 Agreement. After Dr. Cerami completed all activities requested of him and after Novartis concluded its proceedings against others, and

3

PLAINTIFF'S PROPOSED
ATTACHMENTS A AND B TO DISCOVERY PLAN
*Cerami v. Novartis AG, et al, 07 Civ. 5645 (AKH)*

notwithstanding the enormous sums which have been and will be realized, Novartis refused to honor the obligation to pay Dr. Cerami under the August 1985 Agreement.

### 2. COUNTERCLAIMS AND CROSS-CLAIMS:

Defendant Novartis Vaccines & Diagnostics, Inc. has not asserted a counterclaim or cross-claim.

### 3. THIRD-PARTY CLAIMS:

There are no third-party claims at issue in this litigation.