# EXHIBIT - A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 1:07-CV-05634-AKH-DFE
DR. ANTHONY CERAMI,
:
              Plaintiff,
:
    - against -
:
NOVARTIS AG and NOVARTIS VACCINES
AND DIAGNOSTICS, INC.,                    :

              Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] PROTECTIVE ORDER FOR THE TREATMENT OF CONFIDENTIAL INFORMATION

To adequately protect material entitled to be kept confidential by Abbott Laboratories, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown,

IT IS HEREBY ORDERED that:

1. **Confidential** information includes: (1) all documents pertaining to the litigation, dismissal and resolution of litigation entitled *The Rockefeller University and Chiron Corporation v. Centocor, Inc. and Abbott Laboratories*, No. 2:04-168 (TJW), designated confidential by Abbott Laboratories; (2) all other documents identified in Category Nos. 5 and 7 of Novartis Vaccines and Diagnostics, Inc.'s Initial Disclosures designated as confidential by Abbott Laboratories; and (3) all other documents in the possession of Novartis Vaccines and Diagnostics, Inc. deemed confidential by Abbott Laboratories.

2. All oral or written information, documents, or portions thereof ordered **Confidential** by this Court shall be subject to the terms of this Protective Order for the Treatment of Confidential Information and shall be used by each party and all other persons bound by the terms of this Order only in connection with the prosecution or defense of this civil action, and not for any business, competitive, or other purpose.

3. Before producing any information covered by this protective order, the producing party shall designate such documents and things clearly and prominently on their face with the legend: "**CONFIDENTIAL** – OUTSIDE COUNSEL'S EYES ONLY." Such notations will be made in such a fashion so as to not interfere with the legibility of the document and thing so marked.

4. Inadvertent production of documents or things containing **Confidential** information without such legend shall be without prejudice to any claim that such material is confidential.

5. Documents, things, and information that are designated **Confidential** shall include but not be limited to: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information that are designated as **Confidential**; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things or information; and (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information.

6. In addition to the limitations on use set forth in Paragraph 2, materials designated **Confidential**, or information obtained therefrom, shall not be given, shown, made available, or communicated in any way to anyone other than to the following:

    a. the Court and official court personnel;

      b.    qualified court reporters taking testimony, necessary stenographic and clerical personnel and outside photocopy or imaging services;

      c.    outside legal counsel of record for the parties, their associated attorneys, other employees of their law firms and other persons who are engaged in assisting counsel and/or who are working under outside counsel's direction or control solely in connection with the litigation;

7.    Any designated **Confidential** information, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Order. The party filing any paper that contains, summarizes, or reflects any designated **Confidential** information shall file such paper in a sealed envelope, or other appropriately sealed container, that indicates the title of the action, the party filing the material, the nature of the material filed, the legend **Confidential**, and a statement that provides in substance: "This envelope contains documents subject to a Protective Order of the Court. It should not be opened nor its contents disclosed, revealed, or made public except by Order of the Court." The party filing the designated **Confidential** information with the Court shall serve notice upon Abbott Laboratories that the above procedure is being invoked. At the conclusion of this civil action, the parties shall use their best efforts to ensure that any material filed with the Court under seal shall be kept under seal.

8.    If a party seeks removal of protection for particular items of designated **Confidential** information on the ground that such confidentiality is not warranted, the following procedure shall be used:

      a.    The party seeking such removal shall give Abbott Laboratories notice thereof, in writing (by next business day courier delivery or by fax),

- 4 -

specifying the documents, things, or information for which such removal is sought and the reasons for the request.

b. If the parties cannot reach agreement concerning the matter, then Abbott Laboratories must file with the Court and serve a motion seeking the protection of this Order within 15 business days of receiving that notice. The designated material shall continue to be designated **Confidential** until the issue is resolved by Order of the Court or by agreement of the parties.

9. Upon final termination of this action, unless otherwise agreed to in writing by Abbott Laboratories, each party shall, within 90 days, assemble and return, or, at the option and expense of the party in possession, destroy, all designated **Confidential** information, including all copies, extracts, notes and summaries thereof, to Abbott Laboratories, except that any such materials that contain or constitute attorney work product may be destroyed rather than returned, and counsel may retain copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Order. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for Abbott not more than 120 days after final termination of this civil action.

10. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of designated **Confidential** information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated.

- 6 -

11. If a party receives a discovery request, court or administrative agency subpoena or order requiring or requesting production of any designated **Confidential** information that a party has obtained under the terms of this Order, such party shall promptly notify Abbott Laboratories of the pendency of such discovery request, subpoena or Order.

12. Any violation of this Order may constitute a contempt of court, and be punishable as such, and may subject the offending party to such additional and further remedies as may be available to the aggrieved party.

IT IS SO ORDERED THIS _____ day of _____, 2007.

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE