

**The Rockefeller University**
SCIENCE FOR THE BENEFIT OF HUMANITY

Deborah Y. Yeoh
*Deputy General Counsel*
*Office of General Counsel*
Tel: (212) 327-8071
Fax: (212) 327-7688
E-mail: yeohd@rockefeller.edu

November 16, 2007

BY FEDERAL EXPRESS

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

    RE:    Cerami v. Novartis AG et al, 1:07-CV-05634-AKH-DFE

Dear Judge Hellerstein:

I am writing on behalf of The Rockefeller University ("Rockefeller") in this action. I have been advised by counsel for defendant Novartis Vaccines & Diagnostics ("Novartis") that this Court orally directed Novartis to produce to plaintiff Anthony Cerami (i) the confidential License Agreement between Chiron Corporation (later, Novartis) and Centocor Inc. ("Centocor") that memorialized a settlement with Centocor (the "Centocor Agreement") of The Rockefeller University and Chiron Corporation v. Centocor Inc. and Abbott Laboratories, Civ. Action No. 2-04CV-168-TJW (E.D. Tx.) (the "TNF litigation") and (ii) the confidential Agreement among Rockefeller, Novartis and Abbott Laboratories ("Abbott") that memorialized the settlement with Abbott (the "Abbott Agreement") of the TNF litigation. As described below, Rockefeller does not object to the production of these confidential Agreements to Dr. Cerami, who already has a copy of the entire Abbott Agreement and a substantial portion of the Centocor Agreement and is bound by their confidentiality restrictions. However, Rockefeller respectfully requests, to the extent these Agreements are used in this litigation, that Your Honor impose an Order that maintains their confidentiality in a manner described below.

By way of background, in 1985, Rockefeller and Novartis entered into a license agreement, under which Novartis obtained exclusive rights to certain intellectual property and Rockefeller patents (the "1985 License Agreement"). Plaintiff Cerami was one of the inventors of that intellectual property.

THE ROCKEFELLER UNIVERSITY
1230 York Avenue
New York, NY 10065-6399
www.rockefeller.edu

**MEMO ENDORSED**

In 2004, Rockefeller and its licensee Novartis instituted an action against Centocor and Abbott, alleging that their products infringed the Rockefeller patents. In December 2005, Rockefeller and Novartis reached a confidential settlement with Centocor, memorialized in the Centocor Agreement. Nine months later, in September 2006, Rockefeller and Novartis reached a separate confidential settlement with Abbott, memorialized in the Abbott Agreement.

Essential elements of both of these confidential settlements are ongoing sublicenses of the Rockefeller patents that were granted to Centocor and Abbott.[1] The terms of each sublicense have been kept confidential by the parties for business reasons. Indeed Centocor does not know the terms of the Abbott Agreement, and Abbott does not know the terms of the Centocor Agreement. Confidentiality was so important as a business matter to the companies that the court having jurisdiction of the TNF litigation denied Abbott's motion to allow its in-house counsel to have access to the Centocor Agreement. (A copy of the Order, filed January 19, 2006, is attached as Exhibit A.) Both sublicenses are ongoing and will continue into the future.

To the extent that the Centocor Agreement and the Abbott Agreement allow for limited disclosure, such disclosure is permitted only if the persons to whom it is made commit to the same level of confidentiality as set forth in the Agreements. Because the Rockefeller inventors, including plaintiff Cerami, are entitled to a share of cash proceeds received by the University pursuant to Rockefeller's Intellectual Property Policy, both settlements give the inventors access to the Agreements' terms in order to allow the inventors to verify their shares. Thus, after agreeing to maintain confidentiality, on January 26, 2006, Dr. Cerami, through his counsel (which is the same law firm representing him in this action), received a copy of substantial portions of the Centocor Agreement, including the sublicense. (A copy of Dr. Cerami's confidentiality agreement is attached as Exhibit B.) After Dr. Cerami and his counsel agreed to be bound by confidentiality, on October 19, 2006, Dr. Cerami, through his counsel, received a copy of the Abbott Agreement, including the Covenant Not to Sue. (A copy of Dr. Cerami's confidentiality agreement is attached as Exhibit C.).[2]

Licenses and sublicenses such as those involved in the litigation and settlement of the TNF litigation are routinely and typically not publicly available as they contain sensitive business information and/or trade secrets. Rockefeller is anxious to ensure that disclosure of the Abbott Agreement and the Centocor Agreement in this litigation does not result in their loss of confidentiality, including through even limited public disclosure. The parties to those Agreements have ongoing obligations and commitments as a result of the license and sublicenses that were the subject and consequence of those settlements. Nevertheless, in recognition that these documents may be necessary to the instant litigation and because both parties here have had full or substantial access to them, Rockefeller does not object to production of the Agreements to Dr. Cerami under terms that strictly protect their confidentiality.

Rockefeller respectfully requests that this Court issue an order that protects the confidentiality of these Agreements so that they are not publicly available and access is permitted only for limited

---

[1] In the Abbott Agreement, the sublicense is denominated a Covenant Not To Sue.
[2] Rockefeller was dismayed to discover that although Dr. Cerami and the law firm representing him here agreed to keep confidential the 1985 License Agreement between Rockefeller and Novartis, this same agreement was publicly filed as Exhibit A to Dr. Cerami's complaint in this action. (A copy of Dr. Cerami's confidentiality agreement is attached as Exhibit D.)

2

purposes as required by this litigation. Rockefeller requests that the Agreements be marked "Confidential" and that access to these Agreements be restricted to the parties, their counsel and appropriate personnel associated with the litigation, who agree to commit to court-imposed confidentiality terms. Appropriate personnel include the law firms representing the parties and their personnel, including attorneys, paralegal, clerical and stenographic employees; experts and consultants retained by either party for this litigation; and other persons that the Court requires should have access. Consistent with the Order, filed January 19, 2006 (Exh. A), Rockefeller further requests that Centocor's and Abbott's personnel, including those who might be called as deponents or witnesses in this litigation, not have access to the other pharmaceutical company's Agreement with Rockefeller and Novartis.

I am available to address any questions that the Court may have for Rockefeller.

Thank you for your consideration of this request.

                                                Respectfully submitted,

                                                Deborah Y. Yeoh
                                                Deputy General Counsel

(enclosures)

cc:    William Kuhne, Morrison & Foerster LLP (with enclosures) (by federal express)
        Barry J. Brett, Troutman Sanders LLP (with enclosures) (by federal express)