UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

DR. ANTHONY CERAMI,                            :

                                 Plaintiff,      :      1:07-CV-05634-AKH-DFE

              - against -                          :

NOVARTIS AG and                                :
NOVARTIS VACCINES AND DIAGNOSTICS,             :
INC.,
                                            :

                          Defendants.      :

-----------------------------------------------------------------X


### MEMORANDUM OF LAW IN OPPOSITION TO
### ABBOTT LABORATORIES' MOTION TO INTERVENE FOR
### THE LIMITED PURPOSE OF REQUESTING A PROTECTIVE ORDER


Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
(212) 704-6000
Attorneys for Plaintiff

## PRELIMINARY STATEMENT

On November 16, 2007, Abbott Laboratories ("Abbott") served Plaintiff Dr. Anthony Cerami ("Dr. Cerami") with a Notice of non-party Abbott Laboratories' Motion to Intervene for the Limited Purpose of Requesting a Protective Order. Abbott seeks to intervene in the above-captioned action to request a protective order pursuant to Fed. R. Civ. P. 26(c) barring production of certain documents to be produced by Defendant Novartis Vaccines and Diagnostics, Inc. ("Novartis") in its Fed. R. Civ. P. 26(a)(1) initial disclosures and in a later document request. ("Novartis") was in a prior litigation with Abbott. Abbott deems those documents irrelevant to this action and confidential. Alternatively, Abbott seeks a protective order to restrict access to the documents to Outside Counsel of Record Only. Dr. Cerami submits this Memorandum of Law in opposition to Abbott's Motion.[1]

We demonstrate herein that the Abbott motion is inconsistent with inter alia, prior Orders of the Court, the Court's Rules, the Federal Rules of Civil Procedure and unambiguous precedents which preclude the raising of such discovery issues by a non party. Furthermore, Novartis has indicated that while the motion is pending, it has withheld from production to Dr. Cerami certain documents listed in the Novartis initial disclosures, despite a direction of the Court at the case management conference that they be produced, and that Novartis will withhold future production. A protective order has been executed by the parties and given to Abbott, a copy of which is annexed to the accompanying Brett affirmation as Exhibit "A."

---

[1] The Court is respectfully referred to the accompanying affirmation of Barry J. Brett ("Brett Aff.") for a recitation of the pertinent facts pertaining to this dispute.

Accordingly, it is respectfully submitted that: (a) Novartis be directed to produce all documents in its initial disclosures and responsive to Dr. Cerami's discovery requests, notwithstanding the Abbott motion to intervene or other action by Abbott; (b) Abbott be directed to cease and desist from interfering with document production or other discovery in this action, and hereinafter address any issues as to use or disclosure of documents within the confines of the existing protective order which reflects the rules of the Court; (c) the Court should deny the Abbott motion as moot and sanctions should be imposed against Abbott for violation of: Rule 11 of the Federal Rules, the Court's Rules, the meet and confer obligations and the obligation to avoid unnecessary or vexatious conduct.

Sanctions are appropriate because Abbott has continually raised more and different grounds for being obstructive and refused to withdraw its motion upon which Novartis relies to withhold documents even though: (a) the Court has previously directed that confidentiality issues be dealt with under the protective order and the Court's rules (See Ex. "B" to the Brett Aff.); (b) Dr. Cerami's counsel has offered to receive any documents in manners which protect any proper concerns, initially under "attorneys' eyes only" restrictions (See Ex. "C" to the Brett Aff.) and has proposed other means, including by protective order, to allow Abbott to raise any further concerns about use or disclosure of documents (See Ex "D" to the Brett Aff.). Dr. Cerami's counsel has made clear to Abbott that any documents produced to Dr. Cerami will not be shared with anyone other than counsel and Dr. Cerami, who has already had access to everything here at issue, until we have conferred with Abbott (and the protective order so provides). Abbott still refuses to withdraw its objection to production (and Novartis is obviously pleased to withhold production); and Abbott's positions are substantively untenable.

3

### Background Facts

By way of background, the above-captioned case is a breach of contract/unjust enrichment action against Novartis for failure to pay amounts due under a 1985 agreement between Dr. Cerami and Novartis' predecessor, Chiron Corporation ("Chiron"). The agreement provides for him to receive payments based on sales of certain products. The documents at issue related to prior patent litigation in which Novartis established that products of Abbott and others, derived from Dr. Cerami's work, relate to the payment obligation. Dr. Cerami was the principal witness for Novartis and had access to all of these documents during the patent litigation.

Dr. Cerami, a preeminent biochemist, had made several important discoveries while in charge of a laboratory at The Rockefeller University ("Rockefeller") in the 1980s. Rockefeller licensed pending patent applications based on Dr. Cerami's work to a predecessor company of Novartis and a separate agreement was made with Chiron granting rights to Dr. Cerami. A protective order was issued in the patent infringement litigation concerning confidential information produced during pre-trial discovery (the "Litigation Documents"). Settlement agreements are subject to confidentiality agreements, which provide exception for disclosure to Dr. Cerami.

In its initial disclosures, Novartis referred to certain of the documents covered by the earlier protective order, because those documents are likely to be used to support Novartis' claims or defenses in the instant action. On October 19, the Court orally directed Novartis to produce all these documents by November 19. Novartis informed Abbott that it would disclose the documents. On November 1, 2007 Abbott advised Novartis that it objected to disclosure of any of the documents and intended to file a motion in that regard. Dr. Cerami was not informed of Abbott's objection until November 12, 2007, and that time, Dr. Cerami's counsel reached out to Abbott in an attempt to reconcile Abbott's objections without unnecessary Court intervention.

By letter dated November 16, 2007, we proposed to take the contested documents from Novartis on attorneys' eyes only basis while discussing with Abbott and Novartis appropriate confidentiality restraints. (Exhibit C to the Brett Affirmation). Abbott did not accept any of these proposals, and on the eve of the disclosure deadline, on November 16, 2007, without complying with applicable procedure, filed its unnecessary motion to intervene, despite our expressed willingness to hold the documents as "attorneys' eyes only" and cooperate in fashioning a solution without motion practice.

Illustrative of Abbott's unwillingness to cooperate on this issue, on the day the motion was filed, Rockefeller filed a letter with the Court indicating that it did not object to Dr. Cerami receiving the Abbott or Centocor Settlement Agreements, particularly because he *already* had received them, and was thereby subject to the confidentiality agreements placed upon them. Rockefeller further requested that the Court impose an appropriate confidentiality order upon the documents during their use in the litigation. On November 20, 2007, Your Honor entered an endorsed order on the Rockefeller letter, requiring counsel to submit a stipulation for the Court's signature. (Exhibit B to the Brett Aff.). That Order was provided to Abbott but it refuses to follow the described procedures.

The protective order between the parties in this suit protects Abbott's interest in maintaining confidentiality, including a provision that permits Abbott to move the Court to seal any documents it deemed highly confidential. On November 28, 2007, we again proposed to Abbott that it withdraw its motion and that Dr. Cerami would take the documents subject to the joint protective order between the parties. Dr. Cerami's counsel reiterated to Abbott that its motion to intervene was untenable, inasmuch as Abbott has no standing to lodge objections to the disclosure of Novartis' documents on the grounds of relevance.

Abbott requested to review the joint protective order and the same was forwarded to Abbott. Upon reviewing the protective order, counsel for Abbott rendered a series of comments on December 7, 2007, informing counsel for Dr. Cerami that even if a revised joint protective order reflected all of its requested changes, he was not then in the position to accept the stipulation and withdraw the motion. Counsel refused to memorialize its objections in writing and again declined to allow counsel for Dr. Cerami to review the documents on an attorneys' eyes only basis.

As a result of the filing of Abbott's frivolous motion, Novartis, in direct contravention to Your Honor's oral order at the case management conference and the federal rules, has not produced any of the documents to which Abbott objects. Further, the next document production deadline of Novartis was yesterday, December 10, 2007, and upon information and belief, Novartis will refuse to produce the documents. Depositions in this matter are scheduled on the West Coast for this Thursday and Friday, December 13 and December 14, 2007, and Dr. Cerami faces proceeding without Novartis' full initial disclosures. [2]

## II.    ARGUMENT

As will be discussed *infra*, Abbott has not met the threshold requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a) or permissive intervention pursuant to Fed. R. Civ. P. 24(b). Abbott's request for a protective order also fails because it has not made the requisite showing. Moreover, Abbott's motion is frivolous and not made in good faith, raising Fed. R. Civ. P. Rule 11 implications for the Court to properly consider.

---

[2]    On December 10, 2007, immediately prior to filing these papers, Abbott's lawyers indicated by e-mail that Abbott found the protective order satisfactory for one small group of documents to be produced by Novartis, but continued to urge that other documents were irrelevant and would not acknowledge that Novartis could produce same, even under protective order, and despite that Abbott as a non-party does not have standing to argue relevancy.

**A.**    **ABBOTT DOES NOT HAVE STANDING TO CHALLENGE RELEVANCY OF NOVARTIS'S DISCLOSURES**

An applicant seeking intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) must (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties. Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co., No. 06-2875, 2007 U.S. Dist. LEXIS 66584, *5 (S.D.N.Y. Sept. 7, 2007)(quoting In re Holocaust Victim Assets Litig., 225 F.3d 191, 197 (2d Cir. 2000)).    Fed. R. Civ. P. 24(b)(2) governing permissive intervention provides that, "[u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Dr. Cerami submits that Abbott should not be permitted to intervene on either basis because as a non-party, it does not have standing to challenge the relevancy of the Novartis disclosure documents.    See Goland v. Iglesias, 1988 U.S. Dist. LEXIS 3528, *56 (S.D.N.Y. 1988)("federal courts are reluctant to address the objection of a non-party to a discovery request solely on grounds of irrelevance for, it is said, a non-party has no standing to assert the rights of a litigant."); see also Financial General Bankshares v. Lance, 1979 U.S. Dist. LEXIS 12590, *7 n. 4 (S.D.N.Y. 1979)(the "Court expresses some reservation as to the propriety of [a third party's] objection to the subpoena on the grounds of irrelevance.    Federal Courts have been reluctant to permit a non-party to object to a subpoena duces tecum on this ground – a non party presumably has no interest in the outcome of a case."); see also Ghandi v. Police Department of the City of Detroit, 74 F.R.D. 115 (E.D.Mich. 1977)("the Court has serious reservations about the propriety of a non-party deponent moving to quash a subpoena duces tecum on the ground

that the information sought is not relevant to the pending action). By flagging the documents in its initial disclosures, Novartis *itself* has already conceded that the documents are potentially relevant to this matter, and Dr. Cerami agrees. It is of no moment that Abbott, an entity with absolutely no identifiable interest in the outcome of this contract dispute between Dr. Cerami and Novartis, objects to the potential relevancy of the documents. Any objection interjected by Abbott should not be considered by the Court.

Even assuming *arguendo* that Abbott could have standing to object to the relevancy of Novartis's initial disclosures, Abbott has not sufficiently articulated its objections to the relevancy of Novartis's disclosures. See Land v. United Telephone Southeast, Inc., 1995 WL 128500 (D. Kan. 1995)(a "party opposing discovery cannot simply make conclusory allegations that the request is irrelevant, but must specifically show how each discovery request is irrelevant"). Abbott has not provided the Court with any explanation as to why it deems the Litigation and Arbitration Documents to be irrelevant to the instant pending matter. A probable reason for this deficiency is that Abbott, as a non-party with no interest in the outcome of this matter, is not in a position to determine the relevance of Novartis's disclosures to the matter, further illustrating why a non-party is not entitled to make an objection in this regard.

Because Abbott has no standing to make a relevancy objection to Novartis's disclosures, the only conceivable grounds supporting Abbott's application to intervene, either as a matter of right or on a permissive basis, could be because Abbott's interest in confidentiality is not adequately protected by the parties to the matter. As noted, Abbott seeks to ensure that the Litigation and Arbitration Documents are barred from disclosure entirely or are disclosed only pursuant to a protective order. Abbott's assertion that its interest in maintaining the confidentiality of the Litigation and Arbitration Documents is not shared by Novartis or Dr.

Cerami, is demonstrably untrue.[3]  Neither Novartis nor Dr. Cerami would have anything to gain by breaching the confidentially of the Litigation and/or Arbitration Documents.  Moreover, Dr. Cerami's identifiable interests in the Litigation and Arbitration Documents --(i) to obtain information relevant to damages in the instant matter and (ii) for purposes of defending himself against Novartis's likely arguments and positions in the instant matter -- are not contrary to any interest purported by Abbott.[4]

Moreover, Abbott's interests in confidentiality would be protected by the proposals made by Dr. Cerami prior to and after the filing of Abbott's motion.  Despite the filing of this unnecessary motion, Dr. Cerami is still amenable to a resolution of disclosure and confidentiality issues by way of stipulation or jointly filed protective order.  Dr. Cerami has made repeated confidentiality proposals to Abbott, to no avail.[5]  Intervention by Abbott is an entirely unnecessary and burdensome measure that is wholly improper at this juncture.

---

[3] Abbott's assertion that disclosure of the documents would be "competitively detrimental" is unavailing.  The fact of Abbott's settlement with Chiron and Rockefeller is public record.  A disclosure of the amount of that settlement, particularly relevant to the calculation of Dr. Cerami's damages in this action, cannot be deemed competitively sensitive or detrimental.

Further, Abbott's insinuation that Dr. Cerami might improperly use any confidential information is baseless and spurious. Abbott is well aware that over a year ago Dr. Cerami signed confidentiality agreements pertaining to certain of the Arbitration Documents. Dr. Cerami has not breached *any* confidentiality agreement he has signed and accordingly Abbott's allegations are not made in good faith.

[4] It is well to note that the confidentiality agreements regarding the settlement agreements contained a carve-out that recognized the rights of the inventor. Dr. Cerami has already been granted access to a portion of the documents including the Abbott settlement agreement and has no interest in disclosing their contents outside of the scope of this litigation. The same has been indicated by Dr. Cerami's counsel to Abbott, to no avail.

[5] The details of Dr. Cerami's repeated conciliatory overtures to Abbott are set forth at length in the attached Affirmation.

**B.**    **ABBOTT FAILS TO MEET THE BURDEN OF PROOF TO OBTAIN A PROTECTIVE ORDER**

The "burden of persuasion . . . for a protective order is borne by the movant." Jones v. Hirschfeld, 219 F.R.D. 71, 74 (S.D.N.Y. 2003)(citing Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)). Abbott simply has not borne its burden on this point.

Abbott seeks to have the Court impose a protective order without identifying the documents that would be subject to the proposed order. The disclosure statements made by Novartis, referenced *supra*, are vague and could possibly encompass a broad range of documents. Abbott has seized upon Novartis's broad brush approach to disclosure as a launching point to file a motion with the Court seeking a cumbersome protective order, the subject of which has not been readily identified by Abbott. Simply stated, Abbott's application for a protective order is vague and overbroad and should accordingly be rejected.

To be sure, many, if not all, of the documents contemplated by Novartis within the highlighted disclosure statements are *already* subject either to confidentiality agreements or a protective order issued in the Texas litigation. Dr. Cerami has no intention to violate the confidentiality of these documents. However, recognizing the sensitive ground upon which Novartis is treading regarding the disclosures, Dr. Cerami offered to view the documents on an Attorneys' Eyes Only basis for two weeks, with extensions for any documents for which release could not be agreed upon and required Court intervention. Furthermore, after the filing of the Abbott Motion, Dr. Cerami and Novartis have continued to work on a joint protective order which would cover the Abbott confidential documents.

Despite the evident ability of Abbott and the parties to reach an agreement on this matter without Court intervention, Abbott chose to pursue an adversarial course via the instant motion. Illustratively, Rockefeller, a signatory to the settlement agreements among Rockefeller, Novartis

and Abbott ("Abott Agreement") and Rockefeller, Novartis, and Centocor ("Centocor Agreement") does not object to the production of the Abbott and Centocor Agreements to Dr. Cerami. See Exhibit B to Brett Aff. As Rockefeller notes, Dr. Cerami already has a copy of the entire Abbott Agreement and a substantial portion of the Centocor Agreement, subject to confidentiality restrictions. Rockefeller, recognizing that the documents may be necessary to the instant litigation and that both parties have had full or substantial access to them, only requests that the Court issues an order protecting the confidentiality of the Agreements such that they are not publicly available and access is limited to purposes of this litigation. Rockefeller's sensible approach to the present issue stands in stark contrast to the adversarial course blazed by Abbott. The Court can ably craft any additional protections for the documents that, in its view, are necessary and appropriate, without granting Abbott either intervenor status or a protective order.

**C.    ABBOTT'S MOTION IS FRIVOLOUS AND NOT MADE IN GOOD FAITH**

As has been described hereinabove, it is clear that Abbott's motion was unnecessarily filed. Dr. Cerami's counsel and counsel for Novartis employed workmanlike efforts to engage Abbott in a reasonable agreement regarding the disclosure of the documents, up until the eve of the disclosure date. In fact, when Dr. Cerami's counsel spoke to Abbott's counsel on the afternoon of Friday, November 16, 2007, it was Dr. Cerami's ounsel's perception that Dr. Cerami's latest proposal was agreeable to Abbott. Approximately twelve hours later, service of the motion was made, without any further communication from Abbott. Furthermore, Abbott was well aware that Novartis's disclosures were due on Monday, November 20, 2007. By filing its motion basically at midnight Friday, it put Novartis in a precarious position and has delayed the progress of this case. Moreover, the hard line Abbott takes in it motion regarding disclosure of the documents stands is at odds with the spirit of cooperation evidenced by Dr. Cerami's

counsel and counsel for Novartis. If Abbott was determined to take such an approach, it should have done so prior to disclosure deadline. The late filing is nothing other than an attempt to delay the proceedings, wasting the Court's valuable time and resources, as well as those of the parties. As such, Dr. Cerami requests that the Court order Abbott to pay all attorneys' fees incident to the litigation of this frivolous motion.

Accordingly, this is an appropriate motion upon which for the Court to impose sanctions pursuant to its own inherent powers or the Federal Rules of Civil Procedure, including but not limited to, Rules 11 or 37.

## CONCLUSION

Dr. Cerami respectfully requests the Court deny in all respects Abbott Laboratories' Motion to Intervene for the Limited Purpose of Requesting a Protective Order. Dr. Cerami further requests that the Court require Abbott to pay Dr. Cerami's attorney's fees incident to the litigation of this frivolously filed motion.

Dated: New York, New York
       December 10, 2007

                                        TROUTMAN SANDERS LLP

                            By:     _____
                                        Barry J. Brett
                                        Sharon H. Stern
                                        *Attorneys for Plaintiff Dr. Anthony Cerami*
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        Tel: (212) 704-6000
                                        Fax: (212) 704-6288

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DR. ANTHONY CERAMI,

                        Plaintiff,                           Civil Action No. 07 CV 5634 (AKH)

      -against-                                   **AFFIRMATION OF SERVICE**

NOVARTIS AG and NOVARTIS VACCINES
AND DIAGNOSTICS, INC.,

                        Defendants.
----------------------------------------------------------------X

           SHARON STERN, an attorney duly admitted to practice law before this Court, affirms under penalties of perjury:

           I am not a party to the action; am over eighteen (18) years of age; and reside in Cortlandt Manor, New York.

           On December 10, 2007, I served a copy of Memo in Opposition to Motion to Intervene, by depositing a true copy of the same, enclosed in wrapper, via overnight mail under the exclusive care and custody of FedEx, and by electronic mail addressed to the following at the last known address set forth below:

To:     Craig Whitney, Esq.
        Morrison & Foerster LLP
        1290 Avenue of the Americas
        New York, New York 10104


        And

        Michael J. Friedman, Esq.
        Winston & Strawn LLP
        200 Park Avenue
        New York, New York
        10166-4193

                                          _____
                                             Sharon H. Stern