UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. ANTHONY CERAMI,                              :

                              Plaintiff,    :     1:07-CV-05634-AKH-DFE

          - against -                                :

NOVARTIS AG and                                  :
NOVARTIS VACCINES AND DIAGNOSTICS,
INC.,                                            :

                            Defendants.   :
------------------------------------------------------------X

### AFFIRMATION OF BARRY J. BRETT, ESQ. IN OPPOSITION TO ABBOTT LABORATORIES' MOTION TO INTERVENE

Barry J. Brett, Esq., an attorney admitted to practice before this Court, affirms as follows under penalty of perjury:

1. I am a shareholder of Troutman Sanders LLP, attorneys for plaintiff Dr. Anthony Cerami ("Dr. Cerami" or "Plaintiff"). I submit this affirmation in opposition to the Motion to Intervene for the Limited Purpose of Requesting a Protective Order made by Abbott Laboratories' ("Abbott"), a non-party to this action. I am fully familiar with the facts and circumstances set forth below.

2. Abbott's motion to intervene is for the purpose of objecting to the production of documents by defendant Novartis Vaccines and Diagnostics, Inc. ("Novartis"), which was in a prior litigation with Abbott. Abbott deems those documents irrelevant to this action and confidential. As set forth below and in the accompanying memorandum of law, Abbott's motion is inconsistent with inter alia, prior Orders of the Court, the Court's Rules, the Federal Rules of Civil Procedure and unambiguous precedents which preclude the raising of such discovery issues

by a third party. Novartis has indicated that while the motion is pending, it has withheld from production to Dr. Cerami certain documents listed in the Novartis initial disclosures, despite a direction of the Court that they be produced, and that Novartis will withhold future production. A protective order has been executed by the parties and given to Abbott, a copy of which is annexed hereto as Exhibit "A." Production of the subject documents to Dr. Cerami should immediately take place.

3. Accordingly, Dr. Cerami requests that:

(i) Novartis be directed to produce all documents in its initial disclosures or responsive to the plaintiff's discovery requests, notwithstanding the Abbott motion to intervene or other action by Abbott; and

(ii) Abbott be directed to cease and desist from interfering with document production or other discovery in this action, and hereinafter address any issues as to use or disclosure of documents within the confines of the existing protective order which reflects the rules of the Court.

4. We urge that sanctions are appropriate because Abbott has continually raised more and different grounds for being obstructive and refused to withdraw its motion upon which Novartis relies to withhold documents even though:

(i) the Court has previously directed that confidentiality issues be dealt with under the protective order and the Court's rules (See Ex. "B");

(ii) we have offered to receive any documents in manners which protect any proper concerns, initially under "attorney's eyes only" restrictions (See Ex. "C") and we have proposed other means to allow Abbott to raise any further concerns about use or disclosure of documents (See Ex "D");

(iii) we have made clear to Abbott that any documents produced to plaintiff will not be shared with anyone other than counsel and Dr. Cerami, who has already had access to everything here at issue, until we have conferred with Abbott (and the protective order so provides). Abbott still refuses to withdraw its objection to production (and Novartis is obviously pleased to withhold production); and

(iv) Abbot's positions are substantively untenable, and as of December 6, Abbott refused to put its latest grounds for objections or its latest positions in writing.

## Background Facts

5.  By way of background, the above-captioned case is a breach of contract/unjust enrichment action against Novartis for failure to pay amounts due under a 1985 agreement between Dr. Cerami and Novartis' predecessor, Chiron Corporation ("Chiron"). The agreement provides for Dr. Cerami to receive payments based on sales of certain products. The documents at issue related to prior patent litigation in which Novartis established that products of Abbott and others, derived from Dr. Cerami's work, relate to the payment obligation. Dr. Cerami was the principal witness for Novartis and had access to all of these documents during the patent litigation.

6.  Dr. Cerami, a preeminent biochemist, had made several important discoveries while in charge of a laboratory at The Rockefeller University ("Rockefeller") in the 1980s. Rockefeller licensed pending patent applications based on Dr. Cerami's work to a predecessor company of Novartis and a separate agreement was made with Chiron granting rights to Dr. Cerami. A protective order was issued in the patent infringement litigation concerning confidential information produced during pre-trial discovery (the "Litigation Documents"). Settlement agreements in the patent infringement litigation are subject to confidentiality agreements, which provide exception for disclosure to Dr. Cerami.

7.  In its initial disclosures in this action, Novartis referred to certain of the documents covered by the earlier protective order, because those documents are likely to be used to support Novartis' claims or defenses in the instant action. On October 19, 2007, at the parties' pre-trial conference, the Court orally directed Novartis to produce all these documents by November 19, 2007. On November 1, 2007, Novartis informed Abbott that it would disclose the documents. On November 1, 2007, Abbott advised Novartis that it objected to disclosure of any of the documents and intended to file a motion in that regard. Dr. Cerami was not informed of

Abbott's objection until November 12, 2007, and that time, undersigned counsel reached out to Abbott in an attempt to reconcile Abbott's objections without unnecessary Court intervention. By letter dated November 16, 2007, we proposed to take the contested documents from Novartis on attorneys' eyes only basis while discussing with Abbott and Novartis appropriate confidentiality restraints (Exhibit C above). Abbott did not accept any of these proposals, and on November 16, 2007, the eve of the disclosure deadline, without complying with applicable procedure, filed its unnecessary motion to intervene, despite our expressed willingness to hold the documents as "attorneys eyes only" and cooperate in fashioning a solution without motion practice.

8. Illustrative of Abbott's unwillingness to cooperate on this issue, on the day the motion was filed, November 16, 2007, Rockefeller filed a letter with the Court indicating that it did not object to Dr. Cerami receiving the Abbott or Centocor Settlement Agreements, particularly because he *already* had received them, and was thereby subject to the confidentiality agreements placed upon them. Rockefeller further requested that the Court impose an appropriate confidentiality order upon the documents during their use in the litigation. On November 20, 2007, Your Honor entered an endorsed order on the Rockefeller letter, requiring counsel to submit a stipulation for the Court's signature (See Exhibit B above). That Order was provided to Abbott but it refuses to follow the described procedures.

9. The protective order between the parties in this suit protects Abbott's interest in maintaining confidentiality, including a provision that permits Abbott to move the Court to seal any documents it deemed highly confidential. On November 28, 2007, we again proposed to Abbott that it withdraw its motion and that Dr. Cerami would take the documents subject to the joint protective order between the parties (See Exhibit D above). I reiterated to Abbott that its motion to intervene was untenable, inasmuch as Abbott has no standing to lodge objections to

the disclosure of Novartis' documents on the grounds of relevance. Abbott requested to review the joint protective order and the same was forwarded to Abbott. Upon reviewing the protective order, counsel for Abbott rendered a series of comments, informing counsel for Dr. Cerami on December 7, 2007 that even if a revised joint protective order reflected all of its requested changes, he was not then in the position to accept the stipulation and withdraw the motion. Counsel refused to memorialize its objections in writing and again declined to allow counsel for Dr. Cerami to review the documents on an attorney's eyes only basis.[1]

10.     As a result of the filing of Abbott's frivolous motion, Novartis, in direct contravention to Your Honor's oral order at the case management conference and the federal rules, has not produced any of the documents to which Abbott objects. Further, the next document production deadline is today, and upon information and belief, Novartis will refuse to produce the documents. Depositions in this matter are scheduled on the West Coast for December 13 and December 14, 2007, and Dr. Cerami faces proceeding without Novartis' full initial disclosures.

11.     It is evident that any of Abbott's attempts at making an agreement pertaining to the documents were merely feigned. As a threshold procedural matter, Abbott did not meet minimal obligations to confer prior to the filing of the motion. The motion was made on the eve of the disclosure deadline and requests a general fiat against disclosure. Further, even after Your Honor entered an endorsed order requesting the issue be resolved by joint stipulation, Abbott still refuses to cooperate. For the reasons stated herein and the accompanying Dr. Cerami's

---

[1]     On December 10, 2007, immediately prior to filing this affirmation, Abbott's lawyers indicated by e-mail that Abbott found the protective order satisfactory for one small group of documents to be produced by Novartis, but continued to urge that other documents were irrelevant and would not acknowledge that Novartis could produce same, even under protective order, and despite that Abbott as a non-party does not have standing to argue relevancy.

Memorandum of Law in Opposition to Abbott's Motion, it is respectfully requested that Abbott's Motion be denied in all respects and that the Court order appropriate sanctions.

Dated:  New York, New York
       December 10, 2007

                                            BARRY J. BRETT, ESQ.
                                            Attorney for Plaintiff