# TROUTMAN SANDERS LLP

ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174
www.troutmansanders.com
TELEPHONE: 212-704-6000
FACSIMILE: 212-704-6288

Barry J. Brett, Esq.
Barry.Brett@troutmansanders.com

Direct Dial: 212-704-6216
Direct Fax: 212-704-5995

December 11, 2007

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

RE: *Cerami v. Novartis Vaccines and Diagnostics, Inc.*, 1:07-cv-05634-AKH-DFE

Dear Judge Hellerstein:

On behalf of plaintiff Anthony Cerami ("Dr. Cerami") we wrote to the Court yesterday, pursuant to rule 4E of the Court's rules and the Court's oral instructions, to address a discovery problem attributable to the motion of non-party Abbott Laboratories' ("Abbott") to intervene for the purpose of objecting to the production of unspecified documents to Dr. Cerami by defendant Novartis Vaccines and Diagnostics, Inc. ("Novartis"). As a result, Novartis continues to withhold documents from production to Dr. Cerami, some of which the Court had previously ordered Novartis to produce, and others which are responsive to proper requests. Abbott, as a non-party has no standing to raise relevancy issues, and the parties to the litigation have signed a protective order that addresses Abbott's concerns about confidentiality. We have no interest in making public any confidential matters, and we have repeatedly offered to address additional protections for Abbott based on the protective order and the Court's rules and expressed views.

By letter to the Court today, Abbott's counsel continues to eschew the opportunity to address the issues by letter, but seeks until December 17 to submit reply papers on the improper motion it has refused to withdraw and now seeks to extend. The production of documents should be a simple issue and we have become embroiled in improper motion practice with a non-party. We responded to the motion, but respectfully submit that that no additional time should be given to Abbott to submit additional papers on its motion and that the issues be resolved summarily as contemplated. Last Friday, we sent Abbott's lawyers a draft of our letter and invited Abbott to

TROUTMAN SANDERS LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

The Honorable Hellerstein
December 11, 2007
Page 2


join in the letter as the rules contemplates. At their request we deferred filing the letter, but they ultimately chose to rely on their motion. They now seek even more time to object to Novartis' production of documents to Dr. Cerami on baseless relevancy grounds (which Novartis' relishes), resulting in further discovery delays to the detriment of Dr. Cerami.

    We urge that the Court order Novartis to produce its Abbott related documents to Dr. Cerami forthwith with the understanding that (i) they are deemed confidential under the protective order and (ii) we will continue to work with Abbott vis a vis the protective order to address Abbott's confidentiality concerns.

                                            Respectfully submitted,

                                            Barry J. Brett


cc:    Craig Whitney, Esq.
        Kevin E. Warner, Esq.
        Michael J. Friedman, Esq. (of Winston & Strawn LLP in NY)