Hollerstein 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DR. ANTHONY CERAMI,                          :    1:07-CV-05634-AKH-DFE
                                             :
            Plaintiff,                       :    ECF CASE
                                             :
    -against-                                :
                                             :
NOVARTIS AG and                              :
NOVARTIS VACCINES AND DIAGNOSTICS,           :
INC.,                                        :
                                             :
            Defendants.                      :
------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/07
```

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, preparation for trial and trial of the above-captioned action may require the discovery, production and use of documents, electronically-stored information and/or other materials that contain confidential, trade secret and/or proprietary business information; and

**WHEREAS**, good cause exists for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's Memo Endorsement, filed November 21, 2007, directing the submission of such a stipulation and proposed protective order conforming to the Court's rules.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. As used herein, the "Action" shall mean the lawsuit captioned <u>Dr. Anthony Cerami v. Novartis AG and Novartis Vaccines And Diagnostics, Inc.</u>, 1:07-CV-05634-AKH-DFE (S.D.N.Y).

2.  The term "Confidential Materials" as used in this Order shall mean materials or information that fall within any one of the following categories: (a) documents, electronically-stored information and/or other materials produced by a Party or a non-party to the action who elects and agrees to be bound by the terms and conditions of this Protective Order by signing Exhibit "A" that are reasonably believed by a Party or a non-party to constitute or contain, or that would disclose, confidential, trade secret and/or proprietary business information maintained or used by that Party or non-party, (b) any documents, electronically-stored information and/or other materials that the Parties agree are subject to this Protective Order, (c) any documents, electronically-stored information and/or other materials that the Court directs to be produced subject to this Protective Order, (d) any documents, electronically-stored information and/or other materials previously designated as "Confidential Information" under the Stipulated Protective Order entered in *The Rockefeller University et al. v. Centocor, Inc. et al.*, Civil Action No. 2-04CV-168-TJW (E.D. Tex.) ("Patent Litigation"), and (e) any copies or other reproductions, excerpts, summaries, abstracts and/or documents that paraphrase, excerpt or contain, and/or information contained in, any Confidential Materials. Nothing herein shall preclude a Designating Party from seeking a further protective order for good cause shown.

3.  The term "Designating Party" means any person, including a Party or non-party, that produces or designates materials as Confidential Materials under this Order.

4.  The term "Receiving Party" means any person to whom Confidential Materials are disclosed. In addition, if any Confidential Materials are produced by a non-party, both Parties in this Action shall be Receiving Parties.

5. All Confidential Materials shall be used only for the prosecution and/or defense of this Action and shall not be used for any other purposes, absent further Order of the Court or the written consent of the Designating Party.

6. Each Designating Party may, in its sole discretion, designate any documents, electronically-stored information or other materials produced in the course of discovery as "Confidential Materials" within the meaning of this Protective Order. Documents, electronically-stored information and/or other materials that are deemed to be Confidential Materials shall be so designated prior to or at the time of production or disclosure by marking the respective pages of the documents, electronically-stored information and/or other materials with the legend "CONFIDENTIAL" or by other method reasonably calculated to give any Receiving Parties notice of the confidentiality designation.

7. Confidential Materials and the information contained therein shall not be disclosed in any way to any person or entity other than the following:

    a. Counsel of record for the Parties in the Action, Dr. Cerami and Novartis Vaccines and Diagnostics, Inc. ("Novartis"), including their partners, associates, secretaries, paralegals and employees, who are specifically assigned to work on or assist in the prosecution or defense of this matter;

    b. Dr. Cerami and ten (10) officers, directors or employees of Novartis. Before any disclosure of Confidential Materials is made to a person pursuant to this subparagraph (b), the person shall be provided with a copy of this Protective Order and shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to disclose further the Confidential Materials except in

testimony taken in this case. The signed consent shall be retained by the attorneys of record disclosing such Confidential Materials, and a copy shall be furnished to the Designating Party;

      c.    Witnesses who are not otherwise authorized to receive Confidential Materials pursuant to paragraph 7 who are being examined at deposition or trial about Confidential Materials. Before any disclosure of Confidential Materials is made to a person pursuant to this subparagraph (c), the person shall be provided with a copy of this Protective Order and shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to disclose further the Confidential Materials except in testimony taken in this case, with the exception that with respect to Confidential Materials of Novartis, any person who was a former officer, director or employee of Novartis (or Chiron Corporation) need not sign the form annexed hereto as Exhibit A. The signed consent shall be retained by the attorneys of record disclosing such Confidential Materials, and a copy shall be furnished to the Designating Party;

      d.    The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this Action;

      e.    Professional vendors engaged to provide litigation support services, including professional jury or trial consultants and persons engaged in court reporting; stenography; videotaping; photocopying; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium, and their employees, agents and subcontractors and in the case of professional jury consultants,

their mock jurors. Before any disclosure of Confidential Materials is made to a person pursuant to this subparagraph (e), the person shall be provided with a copy of this Protective Order and shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to disclose further the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the attorneys of record disclosing such Confidential Materials, and a copy shall be furnished to the Designating Party;

    f. Any person who was the original author or recipient of the Confidential Materials. Before any disclosure of Confidential Materials is made to a person pursuant to this subparagraph (f), if that person does not have current possession, custody or control over the Confidential Materials independent of the Designating Party, the person shall be provided with a copy of this Protective Order and shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to disclose further the Confidential Materials except in testimony taken in this case, with the exception that with respect to Confidential Materials of Novartis, any person who was a former officer, director or employee of Novartis (or Chiron Corporation) and who was the original author or recipient of the Confidential Materials need not sign the form annexed hereto as Exhibit A. The signed consent shall be retained by the attorneys of record disclosing such Confidential Materials, and a copy shall be furnished to the Designating Party; and

    g. Independent experts who are engaged to furnish expert or technical

5

services or to give expert testimony with regard to this action and who are not otherwise affiliated in any way with a Party, Abbott Laboratories ("Abbott"), Centocor, Inc. or Johnson & Johnson ("Centocor") or Rockefeller. Before any disclosure of Confidential Materials is made to a person pursuant to this subparagraph (g), the person shall be provided with a copy of this Protective Order and shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to disclose further the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the attorneys of record disclosing such Confidential Materials and, subject to Fed. R. Civ. P. 26(b)(3), counsel who retained the person shall forward a copy of the executed declaration, along with a copy of the person's current curriculum vitae, including a list of cases in which the person has testified and the companies and persons for whom the person has consulted or by whom the person has been employed within the past four years, to the Designating Party at least ten business (10) days prior to the proposed disclosure of Confidential Materials to such person. If the Designating Party objects to the proposed disclosure within ten business (10) days after receipt of the notice of it, the disclosure may not be made without prior approval by the Court or agreement of the Designating Party. The Designating Party shall make a prima facie showing to the Court why the disclosure should not be made.

8. Except as to paragraph 9, the list of persons to whom Confidential Materials may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the Designating Party and the Receiving Party without necessity of modifying this Order.

9. Under no circumstances shall any Abbott personnel, including its employees, directors, officers, agents or contractors or its outside or in-house counsel be given access to or any information regarding the Settlement Agreement between Chiron Corporation, The Rockefeller University and Centocor, Inc. (including exhibits and appendices thereto), including any terms, information, negotiations, communications, or information regarding share of proceeds between The Rockefeller University, Novartis and/or the Rockefeller inventors, or regarding that Agreement that may be reflected in drafts, emails, notes, memoranda, separately executed copies of the exhibits or appendices, or other materials ("Centocor Settlement Materials"). Under no circumstances shall any Centocor personnel, including its employees, directors, officers, agents or contractors or its outside or in-house counsel be given access to or any information about the Agreement between Novartis (formerly Chiron Corporation), The Rockefeller University and Abbott (including exhibits and appendices thereto), including any terms, information, negotiations, communications, the related arbitration, or information regarding share of proceeds between The Rockefeller University, Novartis and/or the Rockefeller inventors, or regarding that Agreement that may be reflected in drafts, emails, notes, memoranda, separately executed copies of the exhibits or appendices, or other materials ("Abbott Settlement Materials"). Notwithstanding any other provision in this Order, this paragraph shall not be modified or amended by the Parties, (a) without advance notice of at least ten (10) business days to The Rockefeller University and (i) in the case of Centocor Settlement Materials, Centocor and/or (ii) in the case of Abbott Settlement Materials, Abbott, in order to provide such non-parties an opportunity to be heard, and (b) without further order of this Court.

10. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be designated as Confidential Materials by the Party who is

deposing the witness either on the record at the time of the deposition or within fourteen (14) days after the receipt of a final deposition transcript, and the portions of the transcript containing such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL" or "PORTIONS CONFIDENTIAL". Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Protective Order.

11. Nothing in this Protective Order is intended to constitute any agreement regarding the scope of discovery or the use or admissibility of any documents or information in connection with any motion, trial, hearing or other proceeding in this action. This Protective Order shall be without prejudice to the right of any Party or non-party to oppose production of information on any applicable ground, including the attorney-client privilege, work product doctrine or other privileges or doctrines of nondisclosure, and nothing in this Protective Order shall be construed as a waiver of any Party's right to object or assert any such privileges or doctrines in response to any request for information. The existence of this Protective Order shall not be used by any Party as a basis for discovery that is not otherwise proper under the Federal Rules of Civil Procedure.

12. Notwithstanding the provisions of this Protective Order, where the Confidential Materials are not material to issues addressed in court submissions and the Parties agree in writing to redact all Confidential Materials, the Parties may file documents in redacted form. *and subject to any order of the court* [AKH]

13. Except as provided for in Paragraph 12, the Receiving Party must provide advance written notice of at least six (6) business days to the Designating Party (and (a) if Confidential Materials include any Abbott Settlement Materials, to The Rockefeller University

8

and Abbott, and/or (b) if Confidential Materials include any Centocor Settlement Materials, to The Rockefeller University and Centocor), notifying such parties that the Receiving Party intends to file Confidential Materials with the Court or to use Confidential Materials at the trial in this Action and describing the Confidential Materials the Receiving Party intends to file or use.

14.     Following such notice, the Parties or, if applicable, the Parties, Abbott, Centocor and/or the Rockefeller University, shall endeavor in good faith to resolve any disputes pursuant to Rule 4.B of the Individual Rules of the Honorable Alvin K. Hellerstein, effective October 4, 2007. If the disputes are not resolved, (a) the Designating Party, (b) as to Abbott Settlement Materials, The Rockefeller University and Abbott, and/or (c) as to Centocor Settlement Materials, The Rockefeller University and Centocor, as the case may be, within the aforesaid ten (10) business day period, may apply for such order as it or they deem necessary to protect the confidentiality of such materials, unless direction is sought from the Court as described in Rule 2.E of the Individual Rules of the Honorable Alvin K. Hellerstein, effective October 4, 2007 ("Rule 2.E"). In no event shall filing of Confidential Materials be made before the Court responds to a request for direction made under Rule 2.E; however, the Receiving Party can identify that it seeks to disclose certain Confidential Materials in its papers filed with the Court (without disclosing any information contained in such Confidential Materials) without any direction from the Court and prior to any Court response to a request for direction.

15.     The sealing of any document to be submitted to the Court will be regulated by a separate order to be requested in accordance with Rule 4.A. of the Individual Rules of The Honorable Alvin K. Hellerstein, effective October 4, 2007, and the Receiving Party will not oppose a request for a sealing order.

16. Nothing in this Protective Order shall be construed to limit in any way (a) any Designating Party's use of its own Confidential Materials in any manner whatsoever; or (b) any Party's use of materials or other information developed or obtained independently of discovery in this Action for any purpose, whether or not such materials or other information were produced in the Action as Confidential Materials. The existence of this Protective Order and the foregoing sentence shall not be used by any Party as a basis for avoiding any existing confidentiality restrictions in the Centocor Settlement Materials and/or the Abbott Settlement Materials to which such Party may be subject.

17. Production of materials shall not constitute a waiver of confidentiality if, as soon as reasonably possible after the Designating Party realizes that there has been an inadvertent or unintentional disclosure without appropriate confidentiality designations, the Designating Party provides notice and appropriately marked replacement copies. At the request of the Designating Party, the Receiving Party immediately shall return and shall no longer use all copies of such incorrectly designated document(s). No showing of error, inadvertence or excusable neglect shall be required for such redesignation. Nothing herein shall prevent the Receiving Party from challenging the confidentiality designation as set forth in Paragraph 18.

18. Should the Receiving Party object to the designation of documents, electronically-stored information and/or other materials as Confidential Materials and the objection cannot be resolved informally, after a meet and confer in which the Parties attempt to resolve the issue, the Parties may submit a joint letter to the Court seeking resolution as to whether the materials should be treated as "Confidential Materials" hereunder. The Designating Party shall make a prima facie showing that the designation was warranted. Pending a decision

on any such submission, the materials subject to the submission shall continue to be treated as "Confidential Materials" under this Protective Order.

19. No Party shall be obligated to challenge the propriety of a designation of documents, electronically-stored information and/or other materials as Confidential Materials within a specific period of time, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

20. It is expected that substantial quantities of documents will be produced in this Action, which may result in an inadvertent disclosure of materials, information, documents, or items subject to claims of protection under the attorney-client privilege, work product doctrine, or other doctrines or privileges of nondisclosure ("assertedly privileged material"). Within 45 days after the Designating Party actually learns (or if the Designating Party was counsel for a non-party in the Patent Litigation, within 45 days after the non-party actually learns) of an inadvertent disclosure, the Designating Party (or the non-party if the Designating Party was counsel for a non-party in the Patent Litigation) may notify in writing the Receiving Party that said production was inadvertent and demand the return of the assertedly privileged material. On such timely demand, the Receiving Party shall retrieve and return all copies of such materials, information, documents and/or things to the Designating Party within five (5) business days of receipt of such notice and shall not further disclose or use the information contained in such items for any purpose. If the Designating Party (or the non-party if the Designating Party was counsel for a non-party in the Patent Litigation) demands the return of the assertedly privileged material within this 45-day grace period, the disclosure of assertedly privileged material shall be deemed inadvertent. After the 45-day grace period, any demand for return of

11

inadvertently produced assertedly privileged material shall be governed by the procedures and standards of the applicable case law.

21. Subject to the second sentence of this paragraph and except as to paragraph 9, nothing in this Protective Order will preclude any Party or non-party from seeking amendments hereto broadening or restricting the rights of access to and use of Confidential Materials and the Parties and any non-party may modify the terms of this Protective Order by stipulation with the approval of the Court. In the event that such proposed amendment or modification will affect the treatment of any Confidential Materials designated as such by a non-party or a non-party's counsel in the Patent Litigation, such non-party or its counsel must be provided with advance written notice of at least ten (10) business days that sets forth the proposed amendment or modification and describes the Confidential Materials to be affected by such proposed amendment or modification.

22. Nothing in this Order shall prevent or otherwise restrict counsel for a Party from rendering legal advice to such Party with respect to the Action and, in the course thereof, relying upon an examination of Confidential Materials; provided, however, that in rendering such advice and in otherwise communicating with the Party, counsel shall not disclose Confidential Materials other than as provided for in paragraph 7(b).

23. Non-party information designated as Confidential Materials by a non-party (or, if the non-party was a party in the Patent Litigation, designated as Confidential Materials by that non-party or its counsel in the Patent Litigation) shall be governed by the terms of this Protective Order, and the non-party and, if applicable, its counsel in the Patent Litigation producing such information both shall have standing to enforce this Protective Order with respect to Confidential Materials produced to the same extent as a Party. A copy of this

Protective Order shall be attached to any subpoena, deposition notice, or other request for information served in this Action upon non-parties after the date of this Protective Order. Any Party that has served a subpoena upon any non-party prior to the date of this Protective Order shall, within fifteen (15) days of the date hereof, provide such non-party with a copy of this Protective Order.

24. If a Receiving Party receives a subpoena seeking production or other disclosure of "Confidential Materials," it shall promptly give written notice to (a) the Designating Party, (b) if the Confidential Materials include any Abbott Settlement Materials, The Rockefeller University and Abbott, and (c) if the Confidential Materials include any Centocor Settlement Materials, The Rockefeller University and Centocor. The notice shall set forth the Confidential Material sought, and if notice is being given to a non-party, including Abbott, Centocor and/or The Rockefeller University, describe the Confidential Materials that are the subject of the subpoena, and shall be accompanied by a copy of the subpoena. Where possible, at least five (5) business days notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given.

25. Upon final termination of this action (including all appeals) the Receiving Party shall, within thirty (30) days of such termination, either return to the Designating Party or destroy all Confidential Material in its possession. In either event, the Receiving Party shall describe the material returned or destroyed and certify their return or destruction, with the exception that the Parties' outside counsel and in-house counsel, as well as the non-lawyer employees within such legal departments who assist them, shall retain (i) copies of the pleadings or other papers filed with the Court or served in the course of the litigation, deposition transcripts, deposition exhibits and the trial record; and (ii) one file copy of all documents

13

produced in the course of discovery. This Protective Order shall continue in effect as to Confidential Materials retained by such counsel and their law departments. Nothing herein shall restrict the ability of the Parties or their counsel to retain information or documents not designated as Confidential Material by the Designating Party.

26. This Protective Order may be executed in any number of counterparts, each of which when executed, shall be deemed an original, but all of which, when together, shall constitute one and the same document.

Dated: December 20, 2007

MORRISON & FOERSTER LLP
*Attorneys for Novartis Vaccines and Diagnostics, Inc.*

_____
Rachel Krevans (pro hac vice)
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Grant J. Esposito
Craig B. Whitney
1290 Avenue of the Americas
New York, NY 10104-0050
(212) 468-8000

Dated: December 20, 2007

TROUTMAN SANDERS LLP
*Attorneys for Dr. Anthony Cerami*

_____
Barry J. Brett
Sharon H. Stern
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 704-6000

SO ORDERED: *as modified*
_____
Honorable Alvin K. Hellerstein
United States District Judge

14

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the attached Stipulated Protective Order entered in the United States District Court for the Southern District of New York dated _____, 2007 in the action entitled <u>Dr. Anthony Cerami v. Novartis AG and Novartis Vaccines And Diagnostics, Inc.</u>, 1:07-CV-05634-AKF-DFE (S.D.N.Y), and understands the terms and agrees to be bound by them. The undersigned understands the term Confidential Materials as defined in the Stipulated Protective Order. Except as to those Confidential Materials that are produced by the undersigned in this Action, the undersigned agrees (a) not to use Confidential Materials for any purpose other than in connection with the prosecution or defense of this case, and (b) not to disclose the Confidential Materials, except in testimony taken in this case. The undersigned agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York, which will enforce and protect the confidentiality of the Confidential Materials under the Stipulated Protective Order.

_____            _____
Date                                Signature

                                    _____
                                    Print Name

                                    _____
                                    Name of Organization

                                    _____
                                    Title