UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DR. ANTHONY CERAMI,

                                       Plaintiff,

              -against-

NOVARTIS AG and NOVARTIS VACCINES
AND DIAGNOSTICS, INC.,

                                      Defendants.
------------------------------------------------------------------ x

**ORDER REGULATING DISCOVERY**

07 Civ. 5634 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The parties, by joint letter of August 14, 2008 submitted to me pursuant to my Individual Rule 2E, request rulings, as follows:

1. Novartis' General Objection 14: Novartis may not re-define plaintiff's definitions. If there is overbreadth, it will be judged in the particular substance of an interrogatory.

2. Interrogatories 1-4: The General Objections are stricken. They make it impossible to judge the adequacy of Novartis' substantive responses. As to the substance, Novartis' reference to numerous documents makes it unreasonably difficult for plaintiff to distill relevant answers to his interrogatories, or for the court to judge the adequacy of Novartis' responses. Novartis shall provide direct and responsive answers to plaintiff's questions.

3. Interrogatories 5-9, 11-12, 20: Here, also, Novartis' responses make it unreasonably difficult for plaintiff to distill relevant answers to his interrogatories, or for the court to judge the adequacy of Novartis' responses. Novartis shall provide direct and responsive answers to plaintiff's questions. Novartis' answers shall reflect full investigation of all sources likely to have relevant and responsive knowledge.

4. Requests for Admissions: Novartis' responses fail to satisfy R. 36 (a)(4), Fed. R. Civ. P. Novartis' responses must be clear and responsive.

5. Sanctions for destruction of arbitration transcripts: The court is not able to rule on the issue of relevance, other than to observe that relevance is apparent and destruction is questionable. Abbott may have had a contract right to destroy transcripts, but Novartis did not have a correlative duty to acquiesce in such destruction without seeking a ruling from this court. Novartis, within 10 days, shall give to plaintiff a description of every item that was destroyed, who had copies and if the copies were destroyed, the identities of the court reporters, and any other item of information that could assist in the location of copies or the re-creation of that which was destroyed. Novartis shall assist in plaintiff's efforts to locate or re-create copies.

Novartis' answers to interrogatories, and responses to requests to admit, raise questions of its good faith in discharging discovery obligations. If its behavior is repeated, sanctions are likely to follow, including sanctions that may relate to good faith issues at trial.

I will address the issue of sanctions at the conference set for September 10, 2008, to begin 10:00 a.m.. The parties shall submit a recommended agenda the Friday before such conference.

SO ORDERED.

Dated: New York, New York
       August 20 2008

_____
ALVIN K. HELLERSTEIN
United States District Judge