UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DR. ANTHONY CERAMI,                         :    **ORDER REGULATING**
                                            :    **INTEREST ON JUDGMENT**
                  Plaintiff,    :
                                            :    07 Civ. 5634 (AKH)
      -against-                            :
                                            :
NOVARTIS VACCINES AND DIAGNOSTICS,          :
INC.,                                       :
                                            :
                  Defendant.   :
------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       On April 29, 2009, a jury of eight issued its verdict for plaintiff Anthony Cerami, and against defendant Novartis Vaccines and Diagnostics, Inc., in the amount of $61,268,396.30.  On April 30, 2009, I issued an order asking the parties to advise me whether, and to what extent, the judgment should include interest on the amount of the verdict.

       By simultaneous submissions, both parties answered "yes," but differed on the amount.  Plaintiff expressed the view that interest should run, at the legal rate of 9% from the date of breach, that being the "earliest ascertainable date the cause of action existed."  N.Y. C.P.L.R. § 5001(b); see N.Y. C.P.L.R. § 5004 (providing 9% rate).  Plaintiff's calculations, considering Novartis' failures to pay each quarterly installment as separate breaches, come to $7,707,304 through May 8, 2009, with interest running thereafter at the rate of $15,107 per day, to the date judgment is entered by the Clerk.

       Defendant observes that the verdict does not specify a date from which interest is to be computed, requiring the court to fix such date.  See N.Y. C.P.L.R. § 5001(c).  Defendant recommends that the court choose the date that suit was filed.  See

1

Della Pietra v. New York, 510 N.Y.S.2d 334, 337 (App. Div. 1986).  Defendant calculates the amount of pre-judgment interest to be $10,499,556.68.  The calculation, however, fails to consider that some of the amounts came due after plaintiff filed suit.

Both parties agree that interest should run from the date of breach.  However, the contract does not specify a date of payment.  When an obligation is silent as to the date performance is required, breach occurs when the obligor fails to perform within a reasonable time.  RCK Telecom Servs. v. 202 Ctr. St. Realty LLC, 156 Fed. Appx. 349, 351 (2d Cir. 2005); Smith Barney Harris Upham & Co. v. Liechtensteinische Landesband, 866 F. Supp. 114, 117 (S.D.N.Y. 1994).

The contract—a one-page, layman-drafted, agreement—required that Chiron (Novartis) pay Cerami one-half percent of net sales "on any products on which Chiron pays a royalty to Rockefeller University," but was silent as to when royalties were due.  The payments Cerami sought are based on net sales of products made by companies other than Novartis, upon which Novartis paid royalties to Rockefeller.  While plaintiff has successfully proven that the one-page agreement applies to such sales, defendant reasonably was not aware of this implication of the agreement until Mr. Cerami made demand.

The parties, by stipulation, agreed that demand was made in May 2006.  Trial Transcript, at 229, lines 18-25, but without a specific date in May 2006 on which demand was made, I will fix the date of demand as May 31, 2006.

The one-page contract refers to a longer, and more elaborate, agreement between Chiron and Rockefeller University, which specified that royalties should be paid

2

from Chiron to Rockefeller "within sixty (60) days of the close of the calendar quarter." Pl. Exh. 6 at § 4.9.

Adopting the sixty-day period of the Rockefeller/Novartis agreement, I consider that breach occurred sixty days after the demand, when Novartis failed to pay in response to Cerami's demand. I fix that date as July 31, 2006 (July 30 was a Sunday), and similarly, sixty days after the close of each quarter thereafter. Nikolis v. Reznick, 625 N.Y.S.2d 580, 580 (App. Div. 1995) ("The terms of CPLR 5001(b) authorize the court to direct that interest be calculated at least from when the appellants' time to perform their part of the parties' bargain . . . .").

Cerami shall re-compute interest according to my rulings, seek agreement from Novartis, and submit same to me, by May 28, 2009.

SO ORDERED.

Dated:   New York, New York
         May 21, 2009

_____
ALVIN K. HELLERSTEIN
United States District Judge